**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

GLENN COVERT,

          Petitioner,    :    Case No. 1:16-cv-709

  - vs -                           District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                  :

          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pro se by Petitioner Glenn Covert, is before the Court for report and recommendations on the merits. The relevant portions of the record are the Petition (ECF No. 1), the State Court Record ("SCR," ECF No. 4), the Return of Writ (ECF No. 5), and Petitioner's Traverse (ECF No. 9).

**Procedural History**

Mr. Covert was indicted by the Hamilton County grand jury on twelve drug and weapons related offenses. After successful plea negotiations, Covert pleaded guilty to two counts of trafficking in cocaine, one count of trafficking in heroin, and one count of having weapons while under a disability. The trial court imposed an agreed-upon mandatory minimum sentence of eight years imprisonment.

1

Covert appealed, asserting his plea was involuntary. The First District Court of Appeals, however, affirmed the conviction. *State v. Covert*, Case No. C-140012 (1st Dist. Dec 24, 2014)(unreported, copy at SCR, ECF No. 4, PageID 102, et seq.) Covert did not timely appeal to the Ohio Supreme Court and that court denied leave to file a delayed appeal. *State v. Covert*, 142 Ohio St. 3d 1446 (2015). While the direct appeal was pending, on July 22, 2014, Covert filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which remained pending as of the time the Return was filed (Sep 6, 2016). On February 9, 2016, Mr. Covert filed an original action for habeas corpus in the Ohio Supreme Court which that court dismissed *sua sponte*. *Covert v. Jenkins*, 2016-Ohio-3390 (2016).

Mr. Covert filed his Petition in this Court June 29, 2016, pleading the following Grounds for Relief:

> **Ground One:** Petitioner was subjected to an inadequate and deficient state court process to vindicate his Federal rights.
>
> **Ground Two:** Petitioner's conviction was a result of prosecutor vindictiveness by giving Petitioner one minute to decide to plea or receive maximum sentence at trial.
>
> **Ground Three:** The State made false reference of Pitioner [sic] being a major drug offender to an Ohio grand jury upon the hearsay statements of a confidential informate [sic].
>
> **Ground Four:** State agents obtained evidence outside the scope of the warrant by detectives failure to obtain further probable cause, violating Petitioner's State/Federal rights.
>
> **Ground Five:** Petitioner alleges the State knowingly withheld expulpatory [sic] evidence violating his rights to fair trial process also, Ohio Crim.R.16(d), (e) and (f);and if not for the Suppressed discovery or "Brady material" the outcome of trial would have been different.

> **Ground Six:** Petitioner was denied effective assistance of counsel by the cumulative trial court errors that gave the state an unfair windfall advantage over the defense at trial.

(Petition, ECF No. 1.)

# Analysis

**Ground One: Inadequacy of Ohio Post-Conviction Process**

In his First Ground for Relief, Mr. Covert claims Ohio has provided him with an inadequate and deficient process for vindicating his federal rights. From the stated supporting facts, the Court understands his complaint is that the Hamilton County Common Pleas Court has not acted on his petition for post-conviction relief within the time allowed by Ohio S. Ct. Superintendence Rule 40.

Respondent asserts this claim is not cognizable in federal habeas corpus because it raises only a question of state law, to wit, whether the Common Pleas Court is in compliance with the rule imposed on it by the Ohio Supreme Court.

Covert's response is that he has a due process and equal protection right to a decision from that court where he admits his petition for post-conviction relief is still pending (Traverse, ECF No. 9, PageID 314).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*, 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law

questions. In conducting habeas review, a federal court is limited to deciding whether a **conviction** violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(emphasis supplied). The question of whether the Hamilton County Court of Common Pleas is in compliance with Ohio Supreme Court Superintendence Rules is a question of Ohio law. The Superintendence Rules do not create a life, liberty, or property interest which is enforceable under the Due Process Clause. And the Sixth Circuit has long held that habeas corpus does not provide a remedy for inadequacies in state court post-conviction processes. Post-conviction state collateral review is not a constitutional right, even in capital cases. *Murray v. Giarratano*, 492 U.S. 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975); *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986)(claims of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because not constitutionally mandated);*Accord, Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001); *Johnson v. Collins*, 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F.3d 173 (5th Cir.1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd.*, 336 F.3d 478 (6th Cir. 2003).

Mr. Covert's First Ground for Relief should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Two: Involuntary Plea**

In his Second Ground for Relief, Mr. Covert asserts his conviction was the result of prosecutorial vindictiveness in only allowing him one minute on the morning on which trial was set to decide to accept the plea bargain he was offered.

The question of whether Covert's guilty plea was knowing, intelligent, and voluntary was presented to the First District on direct appeal. Covert did not assert that his plea was coerced because he had only a short period of time to decide whether to accept the plea bargain. Because this was a fact that would have appeared of record, it was required to be raised on direct appeal, or it would be barred by Ohio's res judicata doctrine from being raised in post-conviction. In any event, Covert did not raise the claim in post-conviction and does not here assert that it depends on any evidence dehors the record.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes*, 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady*, 397 U.S. at 755. The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Id.* at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). Here, however, Covert received exactly what he bargained for: dismissal of eight of

the twelve counts on which he was indicted and an agreed sentence of eight years. Where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000). The First District's decision on direct appeal is an objectively reasonable application of United States Supreme Court precedent on the validity of guilty pleas in criminal cases and is therefore entitled to deference under 28 U.S.C. § 23254(d)(1).

In the alternative, insofar as Mr. Covert asserts that the prosecutor's conduct is a separate ground for finding his plea involuntary, he has procedurally defaulted that claim, as the Respondent asserts, by never presenting it to the Ohio courts, i.e., by omitting it as an assignment of error on direct appeal and not raising it in his petition for post-conviction relief.

Covert asserts he is actually innocent of the crimes of which he was convicted and that his actual innocence excuses any procedural default. First of all, by entering a plea of guilty, the

accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Secondly, the evidence relied on by Covert to show actual innocence does not meet the standards for the actual innocence "gateway" established by the Supreme Court:

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

Mr. Covert's Second Ground for Relief should be dismissed with prejudice either on the basis of deference to the First District's decision or because it is procedurally defaulted.

**Ground Three: False Hearsay Before the Grand Jury**

In his Third Ground for Relief, Mr. Covert asserts the state falsely labeled him a major drug offender before the indicting grand jury on the basis of false hearsay testimony from a confidential informant.

The Warden asserts this Ground for Relief is not cognizable in habeas corpus because it occurred before the guilty plea (Return, ECF No. 5, PageID 246). Covert does not respond to that point, but argues that the substance offered and sold to the confidential informant was not an illegal substance, but something called "party powder." (Traverse, ECF No. 9, PageID 311.)

A valid, unconditional guilty or no contest plea waives all "constitutional violations

7

occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York*, 423 U.S. 61 (1975).

Because Mr. Covert's Third Ground for Relief is barred by his guilty plea, it should be dismissed with prejudice.

**Ground Four: Seizure of Evidence Outside the Scope of the Warrant**

In his Fourth Ground for Relief, Mr. Covert asserts the detectives involved in investigating his case seized evidence from his cell phone which was outside the scope of the search warrant.

The Warden asserts this claim is also barred by Covert's valid guilty plea. This defense is well-taken on the same basis as regards Ground Three.

Moreover, the Warden correctly asserts federal habeas review of this Fourth Amendment claim is barred by Supreme Court precedent. Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state

mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Because review of this claim is barred by both Covert's guilty plea and *Stone*, *supra*, the Fourth Ground for Relief should be dismissed.

**Ground Five: Withholding of Exculpatory Evidence**

In his Fifth Ground for Relief, Mr. Covert asserts the State withheld exculpatory evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

As with Grounds Three and Four, this Ground for Relief is barred by Covert's valid guilty plea. Moreover, to the extent this claim depends on evidence dehors the record, it is procedurally defaulted by Covert's unexcused failure to include it in his petition for post-conviction relief.

On these bases, Ground Five should be dismissed with prejudice.

**Ground Six: Ineffective Assistance of Trial Counsel[1]**

Covert's Sixth Ground for Relief is a boilerplate assertion of ineffective assistance of trial counsel for failure to investigate, interview witnesses, or move to suppress illegally seized evidence. As the Warden points out, this claim depends on evidence dehors the record but was not included in Covert's post-conviction petition and is therefore procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 7, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

---

[1] Mr. Covert pleads this as a cumulative trial error ground for relief, but his supporting facts all speak of the deficient performance of his attorney. Cumulative error is not a cognizable claim in habeas corpus. *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson*, 549 U.S. 1027 (2006).

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).